**The below described is SIGNED.**

(hjs)

**Dated: April 13, 2007**    _____
                              **JUDITH A. BOULDEN**
                              **U.S. Bankruptcy Judge**



_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Case No. 05-35510 |
| **MARIA OCHOA,** | Chapter 7 |
| Debtor | |
| **NISSAN MOTOR ACCEPTANCE CORPORATION,** | |
| Plaintiff, | |
| vs. | Adversary Proceeding No. 06-2014 |
| **MARIA OCHOA,** | |
| Defendant. | |

### MEMORANDUM DECISION

Before the Court is Nissan Motor Acceptance Corporation's (Nissan) Motion for

Summary Judgment (Nissan's Motion) asking the Court to determine that the debt owed to it by

-1-

Maria Ochoa (Debtor) is nondischargeable under 11. U.S.C. § 523(a)(6)[1]. The Debtor, who is now proceeding without counsel, has not responded to Nissan's Motion. The Court has considered the facts properly before it, the argument presented by counsel for Nissan, has conducted an independent review of applicable law, and finds that notice was properly given to all parties in interest. Based on the foregoing, the Court issues the following decision.

## 1.  JURISDICTION AND LEGAL STANDARD

This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), and the Court may enter a final order. Rule 7056 makes summary judgment appropriate when, after consideration of the record, the Court determines that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] In applying this standard, the Court examines the factual record in the light most favorable to the nonmoving party.[3] There is no genuine issue of fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."[4] The moving party has the burden of establishing that it is entitled to summary judgment.

## II.  UNDISPUTED FACTS

The following facts are undisputed:

1. On August 13, 2004, the Debtor purchased a 2004 Nissan Xterra (the "Vehicle"), and in connection with the purchase executed a Simple Interest Retail Installment

---

[1] Future statutory references are to title 11 of the United States Code as it existed prior to the general effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 unless otherwise noted.

[2] FED. R. BANKR. P. 7056, incorporating FED. R. CIV. P. 56(c).

[3] *See Wolf v. Prudential Ins. Co. of Am.*, 50 F.3d 793, 796 (10th Cir. 1995).

[4] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Contract (Sales Contract).

2. Under the terms of the Sales Contract, the Debtor agreed to make monthly payments on the Vehicle of $458.16 beginning September 27, 2004.

3. The seller of the Vehicle retained a security interest in the Vehicle. That interest was subsequently assigned to Nissan.

4. The Debtor defaulted on her obligation under the Sales Contract when she failed to make the December 27, 2004 monthly payment.

5. The Debtor has failed to make any further payments on the Vehicle.

6. Nissan requested that the Debtor pay for or return the Vehicle. To date, the Debtor has refused or is unable to pay for or return the Vehicle.

7. The Sales Contract prohibited the Debtor from transferring any interest in the Vehicle to another person or removing the Vehicle from Utah for more than 30 days.

8. As of April 2005, the wholesale value of the Vehicle was $16,650.

9. According to the Debtor's testimony given at her § 341 meeting of creditors, the Debtor transferred the Vehicle to Manual Lopez Uribe (Mr. Uribe), who has taken the Vehicle to Canada.

10. The current location of Mr. Uribe and the Vehicle are unknown.

11. Although the Vehicle has been titled in the Debtor's name, the Debtor has never had possession or control of the car.

12. The outstanding balance owed on the debt to Nissan is $25,740.21.

### III. DISCUSSION

Nissan argues that the Debtor's debt should be found nondischargeable under § 523(a)(6) which provides that "[a] discharge under section 727 . . . does not discharge an individual debtor from any debt — for willful and malicious injury by the debtor to another entity or the property of another entity." "In order for an act to be willful and malicious it must be a deliberate or

intentional injury (willful) that is performed without justification or excuse (malicious)."[5]

Conversion may, under certain circumstances, constitute a willful and malicious injury.[6] The facts in this case are sufficiently similar to those articulated in *In re Gagle*, to establish that the Debtor wilfully and maliciously converted Nissan's property in the Vehicle. Conversion is "an intentional exercise of dominion and control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel."[7] Here, the Debtor had a right to control the Vehicle until she defaulted on her obligation to Nissan. Under the terms of the Sales Contract, the Debtor promised not to transfer the Vehicle to another or remove it from Utah for more than thirty days, and she promised to make monthly payments. The Debtor defaulted on these terms when she failed to make her monthly payment in December 2004, and when she transferred the Vehicle to Mr. Uribe. At that time, Nissan was entitled to control the Vehicle. Nissan, however, was unable to do so because the Vehicle had been transferred to a third party and its whereabouts are unknown. The Debtor's defaults so seriously interfered with Nissan's security interest in the Vehicle that those acts are sufficient to establish conversion.

Nissan concedes that the Debtor may not have intended to injure Nissan when it defaulted but the evidence in the record demonstrates that the Debtor deliberately intended to injure Nissan's property interest in the Vehicle when she transferred her possessory interest to Mr.

---

[5] *American First Credit Union v. Gagle (In re Gagle)*, 230 B.R. 174, 181 (Bankr. Utah 1999).

[6] *Id.*

[7] *Id.* (quoting RESTATEMENT (SECOND) OF TORTS (1965) § 222(A)).

Uribe. As a result of this transfer, Nissan was unable to exercise control over the Vehicle. The Debtor made the transfer deliberately and intentionally in violation of the Sales Agreement. These facts are sufficient to establish that the Debtor injured Nissan willfully.

The Debtor has failed come forward with any justification or excuse for her conduct. In her answer to Nissan's complaint, the Debtor indicates that she thought she was only a co-signer for the Vehicle. This assertion alone is insufficient to establish a justification or excuse for her conduct. A party opposing a motion for summary judgment must, after the movant has meet its initial burden of proof, come forward with evidence establishing that there is a genuine issue of fact for trial. The Debtor has failed to come forward with any evidence or even argument supporting the assertions made in her answer. As a result, the Court finds that the Debtor caused Nissan's injury without justification or excuse.

## IV.    CONCLUSION

The Debtor has failed to respond to Nissan's Motion and has failed to demonstrate that there is a genuine issue of fact for trial. As a result, the Court finds that the undisputed facts demonstrate that Nissan is entitled to judgment as a matter of law. For these reasons, the Court **GRANTS** Nissan's Motion.

_____END OF DOCUMENT_____

_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION GRANTING NISSAN MOTOR ACCEPTANCE CORPORATION'S MOTION FOR SUMMARY JUDGMENT** will be effected through the Bankruptcy Noticing Center to all parties listed below.

Kendall C. Farr
P.O. Box 171392
Salt Lake City, UT 84117
    *Attorney for Plaintiff Nissan Acceptance Motor Corporation*

Maria Ochoa
509 S 1220 W
Provo, UT 84601
    *Debtor*

Kenneth A. Rushton
P.O. Box 212
Lehi, UT 84043
    *Chapter 7 Trustee*

United States Trustee
Ken Garff Bldg.
405 South Main Street
Suite 300
Salt Lake City, UT 84111